# The State. *v.* McAllister.

60  105
112  565

*Summary Proceeding by Garnishment, at suit of Tax-Collector.*

1. *Jurisdiction of court.*—A summary proceeding by garnishment at the suit of a tax collector, under the revenue law of 1868 (§ 53), could only be instituted before a justice of the peace; and there is no authority for extending the provisions of the law to the Circuit Court, in cases which exceed the jurisdiction of a justice. (Changed by statute, Code of 1876, § 416.)

APPEAL from the Circuit Court of Lauderdale.

Tried before the Hon. J. B. MOORE, as special judge, selected by the parties on account of the incompetency of Hon. W. B. WOOD, presiding judge of the circuit.

The proceeding in this case was instituted on the 25th of

August, 1874, by a garnishment issued by the clerk of said court, on the affidavit of Jesse Thomas, the tax-collector of said county, which stated that John W. McAllister, as the executor of the last will and testament of John S. Wilson, deceased, was indebted to the State of Alabama in the sum of $228.79, for taxes levied and assessed for the year 1873; and that Samuel Kirkland was indebted to said McAllister, or had in his possession property or effects belonging to said McAllister, which he prayed might be subjected to the payment of said unpaid taxes. The garnishee appeared, and moved to 'dismiss the garnishment, on the ground that the court had no jurisdiction of such a proceeding; and a similar motion was also submitted on the part of said McAllister, who also pleaded the want of jurisdiction. The court sustained the motion and plea, and dismissed the garnishment; and its judgment is now assigned as error. A similar garnishment was sued out in the name of Lauderdale county, for taxes due the county, and was disposed of in the same manner; and the two cases were here argued and submitted together.

W. J. WOOD, for the appellant.

E. A. O'NEAL, and R. O. PICKETT, contra.

BRICKELL, C. J.—The revenue law of 1868 provided special remedies for the collection of taxes from delinquent or insolvent tax-payers; and among others, a proceeding in the nature of a garnishment, against debtors to, or persons supposed to have in their possession property or effects belonging to such tax-payers. Jurisdiction of this proceeding was limited to justices of the peace; for what reason, or whether from mere inadvertence, it is not our province to inquire. We are without power to extend the jurisdiction to other tribunals, though the remedy before the justice may be inadequate, and though the taxes may exceed in amount the jurisdiction of the justice, as defined by the constitution. The defect in the statute has now been corrected; and justices have jurisdiction of the proceeding, when the amount of the tax does not exceed one hundred dollars; and if it exceeds that amount, the City or Circuit Court has jurisdiction.—Code of 1876, § 416.

The Circuit Court did not err in quashing the garnishment, and the judgment must be affirmed.